It appears from the record on file in this court that upon hearing of an application for rehearing before the Industrial Commission the claimant sought to introduce in evidence papers contained in the file of the Industrial Commission, including a stenographic transcript of an oral hearing held before a referee; that objection was made, sustained and exception noted to the introduction of such transcript at the rehearing; that claimant was denied the right to participate in the Workmen’s Compensation Fund for the death of her husband; that on appeal to the Court of Common
 
 *641
 
 Pleas, a jury was waived and the cause submitted to the court, without the intervention of a jury and upon the transcript of testimony and record taken before the Industrial Commission; that the record in this court discloses that each and every objection to the introduction of evidence was sustained by the Industrial Commission and an exception noted, and the record in this court does not show whether the Court of Common Pleas ruled upon any of the objections entered at the hearing on rehearing; and that the petition in error filed in this court claims that “the court erred in the admission of evidence.”
 

 In view of the fact that the record before this court does not disclose specifically what evidence was admitted or rejected by the Court of Common Pleas on appeal, and this court is therefore unable to determine from the record before it what evidence was received or rejected by the Common Pleas Court, it is hereby ordered and adjudged by this court that the judgment of the Court of Appeals be, and the same hereby is, affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Bevis, Zimmerman and Wilkin, JJ., concur.